**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Melody THOMAS, Defendant–Appellant.**

No. 88–5585
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 23, 1989.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

After a full trial, a jury found Melody Thomas guilty of conspiring to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of the use of a federal communication facility, a telephone, to commit a felony, 21 U.S.C. § 843(b). On appeal, she challenges only her sentence. She contends that the sentencing guidelines are unconstitutional; that she was entitled to a reduction to her offense level because she accepted responsibility for her crimes; that she was entitled to a reduction in her offense level because she was a minor participant in her crimes; and that the district judge incorrectly computed the amount of cocaine involved in the conspiracy. Finding no error in the sentence imposed, we affirm.

I

At trial, the government sought to prove, and the jury found, that Thomas had participated in a conspiracy to distribute approximately one kilogram of cocaine. She had used a telephone to arrange a sale of the cocaine to Art Vela, an undercover drug enforcement agent. Thomas defended on the ground that she had been coerced, by her boyfriend's death threats, to commit the crime. She also maintained that, for some time during the conspiracy's operation, she was unaware that the white substance possessed by the conspirators was cocaine.

Thomas was convicted, and sentenced to sixty-three months incarceration—a sentence at the bottom of the guideline range applicable to an offense level of 26 and a criminal history in category I—on the conspiracy count. She received a concurrent sentence on the other count.

R. Clark Adams, Asst. Federal Public Defender and Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty. and Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

## II

Thomas challenges the constitutionality of the sentencing guidelines. Her argument is foreclosed by the Supreme Court's recent decision in *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

## III

■ Thomas appeals the district court's determination of the amount of cocaine implicated by her conspiracy conviction. *See* Guideline 2D1.4. She contends that because the conspiracy was incapable of producing the quantity of cocaine that it had negotiated to supply, the district court erred by using that agreement to find that the conspiracy involved one kilogram of cocaine.

■ The district court's findings about the quantity of drugs implicated by the crime are factual findings, protected by the clearly erroneous rule. The district court may consider a variety of evidence, not limited to amounts seized or specified in the indictment, in making its findings. *See United States v. Sarasti,* 869 F.2d 805, 806 (5th Cir.1989). The guidelines provide, in § 2D1.4, that a defendant convicted of an incomplete conspiracy will be sentenced as if the object of the conspiracy had been completed. Application Note 1 to that guideline states that drug weights used by conspirators in negotiations should be used to calculate the drug weight applicable in the sentencing proceeding.

In this case, the judge rejected Thomas's account of the conspiracy, believing instead the account contained in the presentence report. This factual finding suffices to support the judge's determination of the drug weight.

■ In any event, however, Thomas's argument misunderstands Guideline 2D1.4. Application Note 1 to that guideline, upon which Thomas relies, says that where "the defendant was not reasonably capable of producing the negotiated amount the court may depart and impose a sentence lower than the sentence that would otherwise result." This suggestion does not alter the offense level, but instead proposes that the sentencing judge consider a discretionary departure. Thomas's argument, therefore, amounts to a claim that the sentencing judge should have made a downward departure. We will uphold a sentencing judge's refusal to depart from the guidelines unless the refusal was in violation of law. *United States v. Buenrostro,* 868 F.2d 135, 139 (5th Cir.1989). No law would compel a departure in this case, even were the facts as Thomas contends.

## IV

■ Thomas contends that she accepted responsibility for her crimes, and that the trial court should have allowed her a two-point reduction to her offense level. *See* Guideline 3E1.1. Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question, like its findings with respect to manager status, *United States v. Mejia–Orosco,* 868 F.2d 807 (5th Cir.1989) and minimal participant status, *Buenrostro,* 868 F.2d 135, enjoys the protection of the "clearly erroneous" standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Application Note 5, § 3E1.1.

■ The trial judge expressly found at the sentencing hearing that Thomas had never, even after conviction, accepted responsibility for her crimes. The judge said, "having presented the issue of coercion to the jury, and the jury having found that she was, in fact not coerced, she still doesn't accept that finding, nor does she accept other matters which I think she clearly ought to do if she wanted to accept responsibility, such as ... that she knew what was going on was a cocaine transac-

tion, not something with white powder." These findings are not "without foundation," and so are not clearly erroneous.

■ Thomas also contends that the sentencing guidelines, and their application to her case, exact a penalty for her exercise of her constitutional right to a trial. She argues that her insistence that a jury pass upon her claim of innocence cannot be a valid ground for denying her a shorter sentence. This argument is irrelevant, for Guideline § 3E1.1, on its face and as applied by the district judge, authorizes reductions to the sentences of those who are tried as well as reductions to the sentences of those who plead guilty. Guideline § 3E1.1(b) reads, "A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by court or jury or the practical certainty of conviction at trial." Of course, accepting responsibility for a crime entails admitting the crime, while trial strategies predicated upon a claim of innocence entail denial of the crime. A defendant who maintains her innocence at trial, and then purports to accept responsibility afterward, may have a difficult time persuading the trial judge that her later position is sincere rather than merely convenient. Cases where the convicted defendant succeeds may be rare as a factual matter, but they are not barred by law.

■ In this case, however, the trial judge not only questioned the sincerity of Thomas's post-trial declarations, but found that those declarations themselves manifested a denial of responsibility. The trial judge said explicitly, "This has nothing to do with her going to trial in the case ... I don't assess her any additional sentence for exercising her right to go to trial." The trial judge need not have made these observations expressly; an assessment of the defendant's post-trial credibility would, by itself, have sufficed to provide the requisite foundation for the judge's conclusions. But the judge's comments underscore the inapplicability of Thomas's constitutional

argument. *See also United States v. White,* 869 F.2d 822 (5th Cir.1989).

V

■ The judge rejected the probation officer's proposed finding that Thomas was a manager within the meaning of § 3B1.1, but also rejected Thomas's own contention that she was a minor participant within the meaning of § 3B1.2. Thomas appeals the district court's finding with respect to minor participant status.

At the sentencing hearing, the district judge explicitly found that Thomas was not a minor participant in her crimes. This finding is factual in nature, and we will not disturb it unless it is clearly erroneous. In this case, the record clearly supports the trial judge's finding. Thomas's crime involved a significant quantity of a dangerous drug. We therefore affirm the judgment of the trial judge. *See Buenrostro,* 868 F.2d at 138.

For the reasons stated, the sentence imposed by the district court is, in all respects,

AFFIRMED.