878 F.2d 383
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bertram SMITH (88-3930) Laverna McHayle (88-3931)
Defendants-Appellants.
 Nos. 88-3930, 88-3931.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1989.
 
 Before KENNEDY, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants, Bertram Smith and Laverna McHayle, appeal from sentences imposed upon them after they pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. Both defendants were sentenced pursuant to the guideline provisions of the Sentencing Reform Act of 1984, 28 U.S.C. Secs. 991-98 (1987).
 
 
 2
 On appeal, defendants claim that the Sentencing Guidelines are unconstitutional in that they violate the separation of powers doctrine of article III and the fifth amendment guarantee of due process. At the time the defendants were sentenced, the question of the constitutionality of the Sentencing Guidelines was still an open question and several district courts had declared the Guidelines to be unconstitutional on a variety of theories. Defendants here essentially parrot the arguments of those courts which found the Guidelines to be unconstitutional. However, the Supreme Court and this circuit have recently resolved the constitutional claims made by defendants in a manner contrary to their contentions. In Mistretta v. United States, 109 S.Ct. 647 (1989), the Court upheld the constitutionality of the Guidelines. Mistretta specifically addresses and disposes of all of the separation of powers arguments made here, but did not lay to rest the due process arguments advanced by defendants. However, in a very recent decision by this court, we do address the identical due process arguments advanced by defendants. In United States v. Jacobs, No. 88-3794 (6th Cir. June 8, 1989), we upheld the Guidelines against a fifth amendment due process challenge.[1] We stated that "[w]e join the Second, Third, and Fifth Circuits in holding that there exists no substantive due process right to individualized sentencing such that Congress may not prescribe the exact prison term to which a convicted defendant shall be sentenced." Id., slip op. at 4-5. We thus are compelled to reject defendants' constitutional arguments.
 
 
 3
 Defendant Smith raises one additional argument. He claims that the district judge abused his discretion when he failed to give Smith credit for "acceptance of responsibility." The United States Sentencing Commission Guidelines Manual provides in section 3E1.1 as follows:
 
 Acceptance of Responsibility
 
 4
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 5
 (b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.
 
 
 6
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter or right.
 
 
 7
 Smith argues that at sentencing he told the court: "Yes sir, your Honor, I know what I have done. I know I've done wrong, your Honor, but this I won't do again, I'll be in prison. This is the first time in my life I have been arrested. I done it just, just because of lack of money." Smith argues that these statements constitute recognition and affirmative acceptance of personal responsibility. These statements have to be considered against the backdrop of other information in the possession of the court at the time of sentencing. The district judge was also aware of the fact that the presentence report revealed that Smith was unwilling to provide any details relative to his role in the conspiracy. He denied involvement with co-defendants and any personal involvement in the exchange of drugs for money with McHayle. The probation officer who wrote the presentence report concluded that Smith was neither sufficiently truthful nor contrite enough to qualify for the credits awarded for acceptance of responsibility. Although it is the trial judge's call, he certainly is entitled to take into consideration the observations and conclusions of the probation officer who prepares the all-important presentence report. We find no abuse of discretion on the part of the trial judge in refusing to award "acceptance of responsibility" credits. In this regard, we note that 18 U.S.C. Sec. 3742(e) provides, in pertinent part, that "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous."[2]
 
 
 8
 Finding the defendants' claims on appeal to be unsupported by the applicable law, we AFFIRM.
 
 
 
 [1]
 Reaching the same result is our decision in United States v. Allen, No. 88-5739 (6th Cir. May 4, 1989)
 
 
 [2]
 The Fifth Circuit has recently elaborated on the standard of review for a district court's "acceptance of responsibility" determinations:
 Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question, like its findings with respect to manager status, and minimal participant status, enjoys the protection of the "clearly erroneous" standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area. Indeed, the guidelines specifically state that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."
 United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989) (citations omitted).