919 F.2d 139
 3 Fed.Sent.R. 199
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward BANE, Defendant-Appellant.
 No. 90-5779.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 30, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-88-186)
 Rocco E. Mazzei, Clarksburg, W.Va., (argued) for appellant; David J. Romano, Clarksburg, W.Va., on brief.
 Martin Patrick Sheehan, Assistant United States Attorney, Wheeling, W.Va., (argued) for appellee; William A. Kolibash, United States Attorney, Wheeling, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Edward Bane was indicted, in twenty-five counts, for mail fraud and wire fraud in connection with his devising and marketing fraudulent vacation travel certificates. In accordance with the terms of a plea agreement dated August 22, 1989, Bane pleaded guilty to one count of mail fraud, and the government dismissed the remaining counts. On a non-binding basis, the government also recommended that Bane receive a sentence of thirty-three months and that he receive a reduction of two levels below the applicable Sentencing Guidelines range for acceptance of responsibility. At sentencing the court imposed a four-level increase of his offense level because of Bane's role as a supervisor of the fraudulent scheme and denied him any reduction for acceptance of responsibility. He was sentenced to forty-eight months incarceration and ordered to make restitution in the amount of $195,248. Bane appeals the rulings of the district court in increasing his offense level by four and in refusing to reduce it by two for acceptance of responsibility. On review, we conclude that the findings of the district court were not clearly erroneous and therefore affirm.
 
 I.
 
 2
 Bane argues that the district court's imposition of a four-level increase for an organizing or leadership role under U.S.S.G. Sec. 3B1.1(a) was clearly erroneous because there was no evidence directly proving that the activity of which he was the leader or organizer involved five or more participants.
 
 
 3
 In the plea agreement between Bane and the government, the government takes the position that Bane supervised the actions of seven persons who were specifically identified by name. In the agreement Bane contests any finding that he was a supervisor of three of the seven. Likewise, when the pre-sentence investigation report recommended a four-level increase for Bane's role as an organizer as defined by U.S.S.G. Sec. 3B1.1(a), Bane took exception. Because these admissions show that only four other participants were involved, Bane argues that the Guidelines requirement of five is not satisfied.
 
 
 4
 At the sentencing proceeding, however, the government presented the testimony of Bruce Stutzman, a United States Postal Inspector, which tended to support the government's claim that Bane also supervised the additional three persons, whose involvement Bane disputed. In light of the testimony presented, we conclude that the finding of the district court, that Bane was the organizer of a fraudulent activity which involved at least five participants, was not clearly erroneous.
 
 II.
 
 5
 Bane challenges the district court's refusal to grant to him a two-level reduction for acceptance of responsibility. He notes that in his plea agreement he admitted certain facts and agreed to cooperate with governmental authorities. Further he made statements during the plea hearing admitting responsibility and showing remorse. Section 3E1.1 states:
 
 
 6
 (a) if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by two levels.
 
 
 7
 The commentary notes that the appropriate considerations include: (a) voluntary and truthful admission to authorities of involvement in the offense and related conduct; and (b) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. As the background to Sec. 3E1.1 indicates, "a defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense by taking, in a timely fashion, one or more of the actions listed (or some equivalent action) is appropriately given a lesser sentence than a defendant who has not demonstrated sincere remorse." Bane accordingly claims that he has done all that is required of him to achieve this reduction.
 
 
 8
 While Bane did make statements in the plea agreement and orally in open court accepting responsibility, if those statements were not believed, the district court would be left with a record which shows an involved and precalculated scheme to defraud which was devised by a defendant who had been convicted of four prior criminal offenses, one of which was forgery and another, theft. The court could, therefore, conclude after observing Bane that his statements were not a sincere acceptance of responsibility but rather reflected an attempt by a defendant, caught for the fifth time, to help his own cause at the time of sentencing with disingenuous protests of remorse. While we are not in a position to conclude one way or the other whether that was in fact the case here, we note that possibility only to demonstrate the breadth of discretion that must be afforded to the district judge who is in the unique position to observe the credibility and demeanor of the defendant. See United States v. Harris, 882 F.2d 902, 905 (4th Cir.1989). The district court's judgment on these matters therefore will be affirmed unless clearly erroneous. United States v. Daughtrey, 874 F.2d, 213, 218 (4th Cir.1989). See also United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989). On the record before us, we cannot say that the district court was clearly erroneous in finding that Bane had not accepted responsibility.
 
 III.
 
 9
 Finally, Bane contends that in refusing to grant a reduction for acceptance of responsibility, the district court applied a version of the Sentencing Guidelines adopted after the date of his offense and therefore violated the ex post facto clause of the Constitution. U.S. Const. art. I, Sec. 9, cl. 3.
 
 
 10
 The offense for which Bane pleaded guilty took place on or about January 8, 1988. On January 15, 1989, about a year later, U.S.S.G. Sec. 3E1.1 was amended to require that acceptance of responsibility be for a defendant's "criminal conduct" rather than his "offense of conviction." Bane claims that "offense of conviction" is a narrower definition and applies to him because his crime occurred prior to the amendment. Since the "offense of conviction" was the one count to which he pleaded guilty and for which he acknowledged responsibility, he believes that he is entitled, "without more," to the reduction.
 
 
 11
 Nothing in the record, however, supports the theory that the district court used the "criminal conduct" standard. Because the court merely exercised its discretion, which it has under either standard to believe or not to believe the truthfulness and sincerity of the defendant, it did not violate the ex post facto clause.
 
 
 12
 For the reasons given, the sentence imposed by the district court in this case is
 
 
 13
 AFFIRMED.