977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Napolean TELLIO, Defendant-Appellant.
 No. 91-50062.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1992.
Decided Sept. 30, 1992.
 
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and LYNCH, District Judge.*
 MEMORANDUM**
 OVERVIEW
 This case involves a conspiracy between ten defendants to import approximately 650 kilograms of cocaine into the United States from Guatemala. Appellant Tellio pled guilty on the second day of trial to possession with intent to distribute 306 kilograms of cocaine as charged in count four of the five count indictment. He was sentenced to 252 months in prison. Tellio appeals his sentence on the grounds that the district judge erred both in sentencing him as a minor rather than a minimal participant and in calculating his base offense level based on the entire amount of cocaine involved in the conspiracy rather than the amount specified in the count to which he pled guilty. We affirm on the minimal participant issue but remand for resentencing so that the district court may make express findings regarding whether Tellio was accountable for the entire amount of cocaine involved in the conspiracy.
 I. Downward Adjustment
 Tellio, whose only connection to the conspiracy was that he was one of three men providing security during the transfer of 306 kilograms of cocaine, argues that the district court erred in rejecting a stipulation in his plea agreement with the government that he would be sentenced as a minimal participant. The presentence report, however, found that Tellio was only entitled to a two point reduction as a minor participant rather than a four point reduction as a minimal participant. The district judge adopted the recommendation of the presentence report.
 "Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject to the clearly erroneous standard." United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989).
 In light of this extremely deferential standard of review, we affirm the district judge's determination that Tellio was a minor rather than minimal participant. Tellio was providing security at the transfer of more than 300 kilograms of cocaine. The fact that a significant amount of drugs was involved is a relevant consideration when determining whether a defendant was a minor or minimal participant. Sanchez-Lopez, 879 F.2d at 557; United States v. Thomas, 870 F.2d 174, 177 (5th Cir.1989). Moreover, Tellio told the officer who prepared the presentence report that the five guns confiscated in the car were his. Finally, the fact that Tellio and the government had stipulated to his characterization is not dispositive; the district court is not bound by the stipulations in a plea agreement. United States v. Rutter, 897 F.2d 1558, 1564 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990); United States v. Forbes, 888 F.2d 752, 754 (11th Cir.1989). The trial judge explicitly informed Tellio of this fact and Tellio declined an opportunity to withdraw his plea. The district court's decision was not clearly erroneous.
 II. Calculation of Base Offense Level
 Tellio argues that the district court erred when it calculated his base offense level based on 650 kilograms of cocaine, rather than on the 306 kilograms specifically named in the only count to which he pled guilty. We review a district court's application of the sentencing guidelines de novo. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). We must accord "due deference to the district court's application of the guidelines to the facts." Id. at 1087.
 Tellio first argues that the court may not consider the quantity of drugs specified in counts dismissed as part of the plea bargain in calculating his sentence. This argument, however, has already been considered and rejected by this court. In United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.1990), we concluded that counts dismissed pursuant to a plea agreement may be considered as relevant conduct at sentencing. See also United States v. Fine, No. 90-50280, slip op. at 11080 (9th Cir. filed Sept. 14, 1992) (en banc).
 That dismissed counts may be considered at sentencing, however, does not end our inquiry. Tellio also argues that he cannot be sentenced on the basis of the entire amount of drugs involved in the conspiracy because the district court did not make a finding, based on facts in the presentence report, that he was responsible for that activity. We agree.
 Tellio was sentenced under U.S.S.G. § 2D1.1, which governs the determination of a defendant's base offense level for possession with intent to distribute a controlled substance. "Under the Guidelines, the relevant quantity of controlled substances is not limited to the amount of drugs directly involved in the offense of conviction." United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). Instead, U.S.S.G. § 1B1.2 directs sentencing courts to determine the appropriate amount of drugs in accordance with the principles of relevant conduct set forth in U.S.S.G. § 1B1.3. Id.
 "[U]nder Section 1B1.3(a)(2), a district court must include the total amount of a controlled substance alleged in multiple counts if the defendant could have reasonably foreseen that other persons would commit the alleged crimes in furtherance of a joint agreement."[1] United States v. Chavez-Gutierrez, 961 F.2d 1476, 1479 (9th Cir.1992) (emphasis added). In Chavez-Gutierrez, we remanded for resentencing because the presentence report contained no facts showing that the defendant was accountable for sales of certain amounts of cocaine by his coconspirators. We believe that an analogous situation is presented here.
 The only evidence in the presentence report regarding Tellio's involvement in the conspiracy indicates that Tellio was one of four men riding in a van to pick up 306 kilograms of cocaine. The report also specifically states that Tellio was least culpable in the offense and suggests that the extent of his involvement was providing security for the one shipment. There is no evidence that he took any actions relating to or even that he was aware of the additional 344 kilograms that the conspirators hoped to secure. The report nonetheless calculated Tellio's base offense level based on 650 kilograms and the district court adopted this recommendation without discussion. Tellio objected to the inclusion of the additional 344 kilograms in the amount used to calculate his base offense level. We agree with Tellio that the presentence report lacks factual support for its and the district judge's conclusion that Tellio could be sentenced on the basis of the entire amount of cocaine involved in the conspiracy. See id. at 1481. We remand for resentencing with directions that the district court make express findings regarding whether Tellio is properly held accountable for the activities relating to the remaining 344 kilograms of cocaine.
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Except possibly in a case in which a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, the trial court should apply the guideline adjustments within the realm of relevant conduct when those adjustments are established by the preponderance of reliable evidence with the burden resting with the government. See United States v. Restrepo, 946 F.2d 654, 658-59 (9th Cir.1991)