993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee PARHAM, Defendant-Appellant.
 No. 91-1562.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1993.
 
 Before JONES and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant David Lee Parham appeals the district court's refusal to reduce his offense level for acceptance of responsibility under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1. For reasons set out herein, the sentence will be affirmed.
 
 Background
 
 2
 Parham entered a guilty plea to the charge of bank robbery in violation of 18 U.S.C. § 2113(a). He committed the robbery after smoking crack cocaine and in order to finance further drug purchases. Three times after entering his plea, but before sentencing, he tested positive for using cocaine. Parham claims his addiction forced him "off the wagon" on these occasions. Thereafter, based on an offense level of twenty-two and a criminal history category of I, the district court sentenced Parham to forty-one months imprisonment. It considered the fact that Parham had entered a guilty plea, but decided that his continued drug use was "inconsistent with an acceptance of responsibility," so it denied him a two-level reduction under § 3E1.1.
 
 Analysis
 
 3
 U.S.S.G. § 3E1.1(a) provides a two-level reduction in offense level to defendants who "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for ... criminal conduct." The plain language of § 3E1.1 places the burden of establishing acceptance of responsibility on the defendant. United States v. Christoph, 904 F.2d 1036, 1040 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The district court did not err in deciding that Parham failed to meet this burden. Accordingly, it properly refused to reduce Parham's offense level for acceptance of responsibility.
 
 
 4
 Whether "a defendant has accepted responsibility for his crime [under § 3E1.1] is a factual question. The district court's determination of that question ... enjoys the protection of the 'clearly erroneous' standard." United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (quoting United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989)). The "clearly erroneous" standard will nearly always sustain the judgment of the sentencing judge. Id. Sentencing judges are accorded such "great deference on review" because they are "in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 5).
 
 
 5
 In considering whether Parham has satisfied his burden on appellate review, it is notable that he entered a guilty plea. "Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility.... However, this evidence may be outweighed by conduct ... that is inconsistent with such acceptance." U.S.S.G. § 3E1.1, comment. (n. 3). Accordingly, even though Parham entered a guilty plea, he "is not entitled to a sentencing reduction ... as a matter of right." U.S.S.G. § 3E1.1(c). In deciding if Parham accepted responsibility, it is appropriate to consider, among other things, whether he "voluntar[il]y terminat[ed] or withdr[e]w from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (n. 1).
 
 
 6
 A defendant acts inconsistently with the acceptance of responsibility when, after entering a guilty plea, he engages in criminal activity that is of the same type as the crime for which he was charged. United States v. Reed, 951 F.2d 97, 99-100 (6th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992). When this occurs, a district court's denial of a reduction for acceptance of responsibility will be affirmed. See, e.g., id. (defendant continued his credit card fraud prior to sentencing and after entering a guilty plea to a charge of credit card fraud); United States v. Lassiter, 929 F.2d 267 (6th Cir.1991) (defendant arrested on state charges of illegal drug activity prior to sentencing and after entering a guilty plea to a charge of distribution of cocaine).
 
 
 7
 Furthermore, a defendant acts inconsistently with the acceptance of responsibility when, after entering a guilty plea, he engages in criminal activity that is
 
 
 8
 related to the underlying offense. Such conduct may be of the same type as the underlying offense, ... or may be the motivating force behind the underlying offense, ... or may be related to actions toward government witnesses concerning the underlying offense, ... or may involve an otherwise strong link with the underlying offense.
 
 
 9
 United States v. Morrison, 983 F.2d 730, 735 (6th Cir.1993) (citations omitted).[1] In this case, where Parham's underlying offense was motivated by drug use, the district court's refusal to reduce Parham's offense level was not clearly erroneous. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Parham argues that this court should not follow United States v. Watkins, 911 F.2d 983 (5th Cir.1990), a case allowing the denial of a reduction for acceptance of responsibility where a defendant engaged in post-plea criminal activity which was not associated with the conduct for which he was charged. In contrast with Watkins, Morrison limited consideration to "conduct ... related to the underlying offense" in deciding whether a defendant had " 'voluntar[il]y terminat[ed] or withdraw[n] from criminal conduct or associations.' " Morrison, 983 F.2d at 735 (quoting U.S.S.G. § 3E1.1, comment. (n. 1)). Even under Morrison, the district court could deny a reduction based on the fact that Parham used cocaine after entering his plea