1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah A. BOSTIC, Defendant-Appellant.
 No. 93-3336.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Deborah A. Bostic appeals her sentence imposed following a guilty plea to a charge of bank embezzlement in violation of 18 U.S.C. Sec. 656. The court denied her a two-point reduction for acceptance of responsibility. Accordingly, defendant's guideline range was ten to sixteen months. The court sentenced defendant to ten months, the minimum under the guidelines, with five months of incarceration followed by five months of home detention. Defendant asserts she was entitled to the reduction.
 
 
 2
 Section 3E1.1(a) of the Federal Sentencing Guidelines calls for a two-point reduction in the base offense level "if the defendant clearly demonstrates acceptance of responsibility for [her] offense...." We have held that:
 
 
 3
 Whether or not a defendant has accepted responsibility for his crime is a factual question. The district court's determination of that question, ... enjoys the protection of the "clearly erroneous" standard. Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (quoting United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989)). See also Application Note Five to U.S.S.G. Sec. 3E1.1 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").
 
 
 4
 The Application Notes to section 3E1.1 provide several factors that the sentencing court may consider when determining whether a defendant qualifies for the reduction. Notes 1(c) and (d) provide that restitution and voluntary surrender are actions that tend to show contrition. In this case, defendant made early restitution and made herself available to authorities without the necessity of an arrest warrant. She also entered a plea of guilty prior to commencement of trial. Application Note 3 provides that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct ... will constitute significant evidence of acceptance of responsibility...." However, Note 3 continues: "[T]his evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."
 
 Here, the District Court found that:
 
 5
 [I]n order for a Defendant to be given a reduction for acceptance of responsibility, the acceptance has to be a complete and unqualified admission of wrongdoing and an acceptance of responsibility to it without any hesitation or qualifications. The Defendant here, her acceptance of responsibility is not the complete and unqualified one. She hedges it, she admits the facts that she can't truthfully deny but then claims that after all, she was coerced into making these admissions and into accepting the responsibility. Now, if it was coerced, it wasn't an acceptance. The way I have always looked and the way I've felt about it is that a person has to just come in and say Judge, I did it. I was wrong and I'm sorry, but I can't find that the Defendant has really gone to that length, so I am going to refuse the motion for two-point reduction for acceptance of responsibility and the Defendant may have her exceptions to my ruling but I am, I can't find that, my understanding of the meaning of that term, that the Defendant has accepted responsibility.
 
 
 6
 Joint App. at 24-25; Sent.Tr. at 4-5.
 
 
 7
 This finding is supported by the record. In the presentence report, defendant denied knowledge of the scheme to defraud the bank and denied having any criminal intent even though she pleaded guilty to the offense. She also told the probation officer that she was "badgered and coerced" by the bank's fraud investigator into signing an admission. Even though defendant made retribution and voluntarily surrendered, the court found that this evidence of contrition was outweighed by other evidence of the denial of responsibility. The District Court's finding that defendant did not accept responsibility for her offense of conviction is not clearly erroneous.
 
 
 8
 The judgment of the District Court is AFFIRMED.