39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plainitff-Appellant,
v.
Tony BRANNON, Defendant-Appellant.
 No. 93-2285.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1994.
 
 Before KENNEDY and SILER, Circuit Judges, and SPIEGEL, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the United States District Court for the Eastern District of Michigan. The Defendant/Appellant ("defendant") appeals the district court's decision denying the defendant a two level reduction for acceptance of responsibility.
 
 
 2
 The defendant was indicted on two counts of distribution of cocaine under 21 U.S.C. Sec. 841(a)(1). In Count One, the defendant was charged with distribution of cocaine on December 22, 1991. In Count Two, he was charged with distribution of cocaine on February 11, 1992. The defendant pleaded not guilty to both counts. A jury acquitted the defendant on Count One but convicted him on Count Two.
 
 
 3
 At no time prior to the trial did the defendant plead guilty or manifest an intention to accept responsibility for his actions. However, at the trial the defendant did not seriously contest the charges in Count Two. During closing arguments, counsel for the defendant stated that,
 
 
 4
 [the defendant] is clearly guilty of something as to Count Two. I am not going to tell you what to find him guilty of. I will just admit we are not going to contest that count. He did wrong. You find him guilty of what you believe him to be guilty of. But as to that count, he did commit an offense against the federal drug laws. So I will just leave that at that and trust your judgement as to what you find him guilty of.
 
 
 5
 At the end of the trial, the court instructed the jury, with respect to both counts, regarding the government's burden of proof beyond a reasonable doubt and the possibility of convicting the defendant of the lesser included offense of simple possession.
 
 
 6
 At the sentencing hearing the defendant sought a two level reduction for acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines. Prior to ruling, the district court observed that,
 
 
 7
 [y]ou don't know what a jury is going to do. You know very well. I said to that jury that you have to find him--that he is presumed innocent of Count One and Count Two, and that you have to find him guilty beyond a reasonable doubt if you are going to find him guilty. So how can you say that he accepted responsibility when I left it up to the jury to make that determination? There was no proffer of a plea of guilty to the count at the beginning of the trial.
 
 
 8
 The court then ruled against the defendant, stating:
 
 
 9
 Now with reference to the acceptance of responsibility, I think that is a more difficult question. It is true that ... [the defendant] did not contest Count [Two] in the trial of this case, but it is equally true that I instructed the jury fully in both counts One and Two, that I instructed the jury that he is presumed innocent on both counts, and that he had to be found guilty beyond a reasonable doubt before he could be convicted.... I have seen juries do all kinds of things that they very well, even though there had been an admission, could have said well, he didn't do the first count so we really don't think he should be penalized and acquit him on the second count. I do not understand frankly, ... the failure to plead guilty.... As he [the Assistant United States Attorney] points out, if there was a question as to quantity, you could always subpoena this person [the confidential informant] in and we could conduct a hearing. So I will not give him any credit for acceptance of responsibility.
 
 
 10
 The defendant appeals the district court's decision claiming that a failure to plead guilty does not bar a finding of acceptance of responsibility. The defendant also contends that if he pleaded guilty to Count Two the government would have dismissed Count One but would have offered the drugs involved in that count as relevant conduct with respect to the sentencing range for Count Two. The defendant claims that the government would have denied him access to the informant, and the court would have denied the defendant a hearing at which to impeach the informant's credibility. Thus, the argument goes, the defendant had no choice but to plead not guilty to both counts and proceed to trial in order to impeach the informant's credibility.[2] At oral argument, the defendant also argued that the district court erroneously relied on a representation in the Presentence Investigation Report ("PSI") indicating that the district court had no discretion to grant a reduction because the defendant pleaded not guilty and was convicted at trial.
 
 
 11
 The government claims that the defendant never admitted his guilt to the full charge of distribution in Count Two. The government further alleges that what little the defendant may have done in this regard was not done in a timely manner and was equivocal. The government also asserts that the jury could have acquitted the defendant or convicted him of the lesser included offense. Similarly, the Government noted that the defendant never explored the possibility of the district court conducting a hearing regarding the credibility of the informant and the quantity of the drugs for sentencing purposes. Finally, at oral argument, the government noted that the PSI clearly indicated that the judge did in fact have discretion on the matter of the two level reduction.[3]
 
 
 12
 For the following reasons we conclude that the district court did not err as a matter of law. We therefore affirm the district court's ruling denying the defendant a two level reduction for acceptance of responsibility.
 
 STANDARD
 
 13
 A circuit court reviewing a district court's acceptance of responsibility determination must apply the clearly erroneous standard of review. United States v. Fleener, 900 F.2d 914, 917 (6th Cir.1990); U.S.S.G. Sec. 3E1.1, Application Note 5. The clearly erroneous standard will nearly always sustain the judgment of the district court in this area. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989) (citing United States v. Thomas, 870 F.2d 174, 176 (5th Cir.1989). Under section 3E1.1 of the Guidelines, the defendant bears the burden of demonstrating by a preponderance of the evidence that he has "clearly" accepted responsibility for his offense. United States v. Crousore, 1 F.3d 382, 386 (6th Cir.1993); U.S.S.G. Sec. 3E1.1(a).
 
 DISCUSSION
 
 14
 Section 3E1.1(a) provides in full: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." As the defendant points out, the likelihood of the jury acquitting him of Count Two was extremely low. However, while the defendant did not strenuously attack the charge of distribution in Count Two, he clearly left open the possibility of a conviction of the lesser included offense of simple possession.
 
 
 15
 As noted above, counsel for the defendant stated that the defendant was
 
 
 16
 clearly guilty of something as to Count Two. I am not going to tell you what to find him guilty of. I will just admit we are not going to contest that count. He did wrong. You find him guilty of what you believe him to be guilty of.
 
 
 17
 This statement, in the absence of a clear admission to the charge of distribution in Count Two, combined with the fact the jury was charged as to the lesser included offense, lends ample support to the district court's finding that the defendant had not "clearly accepted responsibility" for the offense of distribution. Consequently, we hold that this decision was not clear error.
 
 
 18
 For the forgoing reasons we affirm the decision of the district court.
 
 
 
 [1]
 The Honorable S. Arthur Spiegel, United States District Judge, Southern District of Ohio, sitting by designation
 
 
 [2]
 The defendant apparently chose this trial strategy to avoid the potential adverse effects of United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc), cert. denied, --- U.S. ----; 113 S.Ct. 1595 (1993). In Silverman, this Court, sitting en banc, observed that "the guidelines procedure, as well as the traditional procedure in sentencing matters, permits hearsay, even 'second hand' hearsay, from informants and unidentified sources in presentence reports, without confrontation, if the district court finds it to have 'sufficient or minimally adequate' indicia of reliability. Id. 1513 (emphasis and quotation in original)
 
 
 [3]
 We note that the PSI correctly pointed out that the district court indeed had the discretion to grant the reduction despite the not guilty plea and subsequent conviction. See U.S.S.G. Sec. 3E1.1 Application Note 2. Furthermore, the court clearly considered its options before ruling, rather than denying the reduction automatically as if under the erroneous assumption that it had no discretion