59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert COPE (94-5435) and Peggy Pendergrass (94-5392),
Defendants-Appellants.
 Nos. 94-5392, 94-5435.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1995.
 
 Before: JONES, CONTIE and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-Appellants Herbert Cope and Peggy Pendergrass appeal their sentences received following guilty pleas to conspiracy to manufacture marijuana and use of a firearm during a drug trafficking offense. On appeal, both defendants challenge the amount of marijuana attributed to them. In addition, Defendant Peggy Pendergrass argues that she should have received downward adjustments for acceptance of responsibility and for minor participation.
 
 I.
 
 2
 On September 19, 1990, helicopter patrolman Mike Dover of the Tennessee Highway Patrol located marijuana growing behind a residence in Overton County, Tennessee. Alcohol Beverage Control (ABC) agents were sent to the residence, and as Defendants Peggy Pendergrass and Herbert Cope exited, the police noticed several weapons in the house. After performing a protective sweep of the house, the police allowed the defendants to reenter the premises. The police subsequently obtained a warrant to search the house and discovered several one-gallon trash bags full of marijuana, over 30 guns, many of which were loaded, a photo-album with photographs of the defendants with drugs and weapons, and numerous live marijuana plants.
 
 
 3
 It is unclear from the record before this court precisely what actions were taken against the defendants in the intervening months, but in January and December of 1991, police officers made controlled buys of cocaine and marijuana from Peggy Pendergrass at the same residence. On December 5, 1991, a second search warrant was executed. During the search, additional loaded firearms, marijuana, triple-beam scales, and marked money were found. Of particular importance to the present appeals, the police discovered fourteen marijuana plants growing immediately behind the house, and 123 more marijuana plants growing along a path and in a wooded area, accessible only from the Cope-Pendergrass house.
 
 
 4
 On November 4, 1994, a federal grand jury returned a fourteen-count indictment against Defendants Cope and Pendergrass as well as David Cope, Herbert Cope's minor son.[1] As relevant to the instant appeal, Count One of the indictment charged the defendants with conspiracy to manufacture and possess with intent to distribute marijuana, and Count Four charged the defendants with carrying firearms during the commission of a drug trafficking offense.
 
 
 5
 Defendants each plead guilty to counts one and four, reserving their rights to appeal the court's decision holding them responsible for the 123 marijuana plants found in the wooded area just beyond their backyard. Pendergrass was sentenced to 36 months on count one, consecutive to five years on count four, followed by five years supervised release; Cope was sentenced to seventy months on count one, consecutive to five years on count four, followed by five years supervised release.
 
 II.
 
 6
 Defendants claim that they should not be held responsible for the 123 marijuana plants found behind their house. The government bears the burden of proving the amount of drugs charged to a defendant by preponderance of the evidence. United States v. Clemons, 999 F.2d 154, 156 (6th Cir. 1993) (citations omitted), cert. denied, 114 S. Ct. 704 (1994). An exact amount of drugs may be chargeable to the defendant only if the district court can conclude that the defendant is, more likely than not, actually responsible for a quantity greater than or equal to the quantity for which the defendant is being held responsible. United States v. Davis, 981 F.2d 906, 911 (6th Cir. 1992), cert. denied, 113 S. Ct. 2361 (1993). The district court's factual findings regarding the amount of drugs attributable to a defendant is reviewed for clear error. United States v. Garner, 940 F.2d 172, 174 (6th Cir. 1991).
 
 
 7
 The government "may meet its burden by presenting evidence that the court deems sufficient to establish the quantity of drugs attributable to a defendant." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). Here the government presented circumstantial evidence that Herbert Cope was responsible for growing the 123 plants and that the cultivation, harvesting, and sales of the 123 plants were foreseeable to Pendergrass. Of significance, the government established through circumstantial and testimonial evidence that (1) there was a "well-worn" path leading from the back of the house to the wooded area where the 123 marijuana plants were growing; (2) the first patch of plants was only 30 "steps" from the house; (3) the master bedroom window, where two loaded guns were found, overlooked the back-yard area and the wooded area; (4) a large "bluff" at the back of the property prevented access to the wooded area from other than the path. The fact that the government established the defendants' responsibility through circumstantial evidence is of no consequence, because circumstantial evidence and direct evidence should be accorded the same weight on review. See United States v. Frost, 914 F.2d 756, 762 (6th Cir. 1990) (citations omitted).
 
 
 8
 To rebut the government's evidence, the defendants both rely heavily on co-defendant David Cope's testimony that he was responsible for growing the 123 marijuana plants, and that he did so without Herbert Cope's or Peggy Pendergrass's knowledge. The lower court, however, clearly found that David Cope was not a credible witness. See J.A. at 28. When fact findings rest on credibility determinations, they are entitled to even greater deference. See Anderson v. City of Bessemer, 470 U.S. 564, 573-75 (1985). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir. 1987) (quoting Anderson, 470 U.S. at 574), cert. denied, 486 U.S. 1022 (1988). Accordingly, we find that both defendants were properly held responsible for the 123 marijuana plants found in the wooded area behind their home.
 
 III.
 
 9
 Next, Pendergrass argues that she deserved a downward adjustment for acceptance of responsibility and/or for minor participation in the offense. This court applies the clear error standard of review to a district court's factual findings with respect to a defendant's acceptance of responsibility, United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir. 1990), cert. denied, 408 U.S. 1041 (1991), and role in the offence, United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir. 1993), cert. denied, 114 S. Ct. 1569 (1994); see also 18 U.S.C. Sec. 3742. "Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the 'clearly erroneous' standard will nearly always sustain the judgment of the district court in this area." United States v. Wilson, 878 F.2d 921, 923 (6th Cir. 1989) (quoting United States v. Thomas, 870 F.2d 174, 176 (5th Cir. 1989).
 
 
 10
 After considering Pendergrass's arguments in favor of a reduction, the lower court stated the following:
 
 
 11
 Acceptance of responsibility is an odd thing in this case because she pled guilty; I let her out on bond, and she went out and engaged in marijuana which doesn't coincide with acceptance of responsibility. She only accepted responsibility of part of the relevant conduct in the offense and not all of it. And she was quite vociferous in her position she took out there ... in the suppression hearing. I don't think she accepted responsibility and I'm not going to give it to her.
 
 
 12
 J.A. at 33.
 
 
 13
 A sentencing judge's determination of a defendant's contrition "should not be disturbed unless it is without foundation." United States v. Wilson, 878 F.2d at 923 (quotations omitted). Here, we believe that the lower court's reasons for denying the reduction for acceptance of responsibility were sufficient.
 
 
 14
 With respect to Pendergrass's final argument -- that she was a minor participant -- we similarly find no error in the lower court's findings. A minor participant is one who is less culpable than others, but whose role is not minimal. USSG Sec. 3B1.2(a) comment (n.3). The evidence and testimony below fails to establish that Pendergrass was less culpable than her co-defendants. Accordingly, Pendergrass was properly denied a reduction for minor participation.
 
 IV.
 
 15
 Appellants' sentences are hereby AFFIRMED.
 
 
 
 [1]
 David Cope subsequently plead guilty to five of the counts against him and received a sentence of 27 months imprisonment followed by three years supervised release