**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Laura P. LASSITER,**
**Defendant–Appellant.**

**No. 90–3632.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 11, 1991.

Decided April 4, 1991.

Robyn Jones, Marcia J. Harris (argued), Office of the U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Lewis W. Dye, Brent W. Yager (argued), Dye & Fleck, Columbus, Ohio, for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges; and CHURCHILL, Senior District Judge.*

* The Honorable James P. Churchill, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

KENNEDY, Circuit Judge.

Laura Payne Lassiter ("defendant") pled guilty to an Information charging her with one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced defendant to 120 months incarceration. Defendant appeals her sentence, claiming that the District Court erred by denying a reduction for acceptance of responsibility pursuant to section 3E1.1(a) of the federal sentencing guidelines and by departing upward from the federal sentencing guidelines. For the following reasons, we VACATE defendant's sentence and REMAND this case for resentencing.

## I.

On August 24, 1988, police officers arrested defendant for distribution of cocaine. Defendant entered into a plea agreement with the government which provided that defendant would plead guilty to an Information charging one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and would testify against other individuals. In exchange, the government agreed not to file additional narcotics-related charges and to file a motion for a departure downward from the federal sentencing guidelines' sentencing range based on her substantial assistance. Defendant and the government fulfilled their obligations under the plea agreement.

On February 6, 1990, subsequent to her guilty plea and testimony but prior to her sentencing, police arrested defendant on state charges of illegal drug activity. At the pre-sentence hearing, the District Court noted that defendant admitted to possessing close to a kilogram of cocaine at the time of this arrest. Defendant was on bond at the time. Evidence also showed that officers found $82,000 at defendant's residence, money which the District Court found to be illegal drug proceeds.

The probation officer determined that defendant's criminal history points totaled three, thereby establishing a criminal history category of II. The base offense level was established at 26 and the probation officer recommended a two-point reduction for acceptance of responsibility. This resulted in a recommended sentencing range of 57 to 71 months.

The District Court held that defendant was not entitled to a reduction for acceptance of responsibility in view of her illegal conduct while on bond. The District Court also concluded that defendant's arrest while on bond warranted departure upward from the federal sentencing guidelines. The District Court examined the next higher criminal history category—category III—and found it too lenient. It set defendant's criminal history category at VI, the highest criminal history category established by the sentencing guidelines and a category requiring a minimum of 13 criminal history points. Based on these determinations, the District Court sentenced defendant to 144 months incarceration, and reduced this sentence to 120 months because of defendant's substantial assistance to the government.[1]

## II.

Defendant raises two issues on appeal. First, defendant argues that the District Court erred by denying her a two-point reduction for acceptance of responsibility.[2] Second, defendant contends that the District Court erred by departing upward from the federal sentencing guidelines.[3]

---

1. Subsequent to her sentencing hearing on federal charges, defendant was found guilty on state drug charges based on her February 6th arrest and given a sentence of seven years.

2. Section 3E1.1(a) of the United States Sentencing Guidelines allows a sentencing court to reduce a defendant's adjusted offense level by two points based on acceptance of responsibility "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct."

3. Defendant contends that the District Court erred by departing upward two levels—24 to 26—from the adjusted offense level. Yet the record reveals that the District Court did not depart upward from the adjusted offense level, but did depart upward when it established the criminal history category. We treat defendant's appeal on this issue as if she now contests the upward departure of the criminal history category.

## A. Acceptance of Responsibility

 A guilty plea does not entitle a defendant to a reduction based on acceptance of responsibility as a matter of right. *United States v. Christoph,* 904 F.2d 1036 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). The burden rests with defendant to show that she has accepted responsibility for the crime committed. *Id.* Whether a defendant has accepted responsibility is a factual question subject to a clearly erroneous standard of review. *United States v. Wilson,* 878 F.2d 921 (6th Cir.1989). A sentencing judge's decision will be reversed only if it is without foundation. *Id.* at 923.

 The District Court did not err when it denied defendant a two-point reduction for acceptance of responsibility. Defendant's acts while on bond awaiting sentencing are not indicative of a person who is truly remorseful about her previous criminal conduct. *See United States v. Franklin,* 902 F.2d 501 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990).

## B. Upward Departure

Congress sought to achieve three objectives by passing the Sentencing Reform Act of 1984, as amended: honesty, uniformity, and proportionality in sentencing. United States Sentencing Commission, Guidelines Manual pt. A, para. 3, at 1.2 (Nov. 1, 1990) [hereinafter U.S.S.G.]. In establishing guidelines to achieve these goals, it was recognized that a workable system could not account for "every conceivable wrinkle of each case." *Id.* The United States Sentencing Commission recognized the need for departure:

> [T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." ... Similarly, the court may depart from the guidelines

even though the reason for departure is taken into consideration in the guidelines ..., if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

U.S.S.G. § 5K2.0. The Sentencing Guidelines permit an upward departure from the otherwise applicable guideline range for the criminal history category:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
>
> \* \* \* \* \* \*
>
> (e) prior similar adult criminal conduct not resulting in a criminal conviction.

*Id.* § 4A1.3.

 This Court applies a three-part test to determine the propriety of a sentencing court's upward departure from the Sentencing Guidelines: (1) whether the case is sufficiently unusual to warrant departure (a question of law reviewed *de novo* ); (2) whether the circumstances warranting departure actually exist in the particular case (a question of fact reviewed under the clearly erroneous standard); and (3) whether the departure is reasonable. *United States v. Rodriguez,* 882 F.2d 1059 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1144, 107 L.Ed.2d 1048 (1990). A sentencing court must examine the next higher criminal history category when departing from the guidelines, and if departing beyond this next level, the sentencing court must demonstrate that it found the sentence imposed by the next higher level too lenient. *United States v. Kennedy,* 893 F.2d 825 (6th Cir.1990). We examine a court's stated reasons for departure beyond the next higher level "more closely." *Id.* We hold the District Court's departure appropriate in light of the first two require-

ments but deficient in light of the third requirement.

■ First, the District Court failed to justify its degree of departure from the Sentencing Guidelines. The *Kennedy* Court held that a sentencing court must "demonstrate" that it found a particular sentence too lenient. A conclusory statement that the sentences imposed by criminal history categories III, IV or V are too lenient is not a "demonstration" or reasoned explanation. *United States v. Robison,* 904 F.2d 365, 372 (6th Cir.) (stating that a sentencing court "must present more than a conclusory set of reasons for departure"), *cert. denied,* — U.S. —, 111 S.Ct. 360, 112 L.Ed.2d 323 (1990). By failing to set forth its reasons for departure, the District Court has "made us uneasy that considerations forming an integral part of the departure calculus, such as proportionality and uniformity, were jettisoned." *United States v. Ocasio,* 914 F.2d 330, 337 (1st Cir.1990).

Moreover, requiring a reasoned statement by the sentencing court promotes meaningful review by an appellate court. The need and ability to conduct meaningful review is particularly important under these circumstances, in which we must examine "more closely" a sentencing court's decision to depart beyond the next higher criminal history category otherwise applicable. In keeping with our heightened standard of review, the District Court must explain why placement of defendant in either category III, IV or V would be inadequate.

■ Second, the District Court's sentence does not appear to comport with the purpose and goals underlying the Sentencing Guidelines. Obviously, the Sentencing Guidelines cannot account for every possible situation. The ability of a sentencing court to depart from the guidelines is an appropriate and necessary allowance for this shortcoming. This allowance, however, is not without limitation. Among other requirements, a sentencing court's departure must pass muster based on a standard of "reasonableness." Whatever else this standard may embody, it requires a sentencing court to "adequately link its departure to the structure of the guide-

lines," thereby ensuring a "reasonable" degree of departure and furthering the goal of uniformity in sentencing. *United States v. Scott,* 914 F.2d 959, 963 (7th Cir.1990) (explaining *United States v. Thomas,* 906 F.2d 323 (7th Cir.1990)); *United States v. Cervantes,* 878 F.2d 50 (2d Cir.1989). By way of comparison, if the sequence of the crimes had been reversed, that is, if defendant had been convicted on state charges and committed a federal crime while on bond awaiting sentencing for the state conviction, the Sentencing Guidelines would require the addition of five criminal history points to defendant's total of three at the sentencing hearing for the federal crime. *See* U.S.S.G. § 4A1.1, at 4.1. This would establish defendant's criminal history category at IV. On resentencing, when determining the need for and degree of departure from the federal sentencing guidelines, the sentencing court should consider the totality of the circumstances, including any sentence imposed by another court.

In sum, we find that the District Court failed to demonstrate that the sentences imposed by criminal history categories less than VI would be too lenient and to link adequately its departure to the structure and objectives of the Sentencing Guidelines. Accordingly, we VACATE defendant's sentence and REMAND this case for resentencing.

JONES, Circuit Judge, concurring.

While I fully concur in the majority's disposition of this case, I write separately to clarify the majority's admonition that a sentencing court must take account of "any sentence imposed by another court" for the purposes of determining the reasonableness of or necessity for a departure from the Sentencing Guidelines. In this case, the defendant wrote a letter to the district court confessing in full to the crimes she was charged with in the state criminal proceeding. Thus, the court was fully aware that Lassiter would receive a state sentence for her drug activity on bail independent of any adjustment it made to her federal sentence by way of an upward departure. As a result of the district court's failure to take account of Lassiter's

likely state sentence when departing, Lassiter received approximately 60 additional months of federal time for her drug activity while on bond. The state court subsequently sentenced Lassiter to seven years for the same criminal activity. The excessive severity of the resulting sentencing is obvious.

In my view, it is the majority's intention to reduce the likelihood of such excessive sentencing by requiring district courts to consider sentences imposed, or likely to be imposed by other courts, when deciding on the degree of or the need for an upward departure. In this case, since the trial court was essentially certain that a state sentence would be imposed, it might have been more prudent for the court to delay sentencing until after the state proceeding. I note that district courts should exercise their discretion in deciding whether to postpone federal sentencing with an eye to whether the postponement will result in inadvertently delaying the defendant's right to appeal. However, where as here, a delay in federal sentencing might have eliminated the necessity for this appeal, a district court should consider this option before moving down the path toward a potentially unreasonable upward departure.