972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. KOHORST, Defendant-Appellant.
 No. 91-3861.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1992.
 
 Before KENNEDY, BOGGS and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant-David Kohorst (defendant) pleaded guilty to six counts of using a false social security number in violation of 42 U.S.C. § 408(g)(2) and twelve counts of uttering counterfeit securities in violation of 18 U.S.C. § 513(a). The district court sentenced defendant to eighteen months of incarceration on each count, to be served concurrently, a three year period of supervised release, and ordered restitution in the amount of $16,236.71. The defendant appealed both his sentence and the district court's calculation of restitution damages.
 
 
 2
 On February 7, 1991, the defendant was indicted in a three-count Indictment charging him with two counts of using a false social security number and one count of uttering counterfeit securities. Thereafter, on March 22, 1991, a Superseding Indictment was filed charging Kohorst with eight counts of using a false social security number and fourteen counts of uttering counterfeit securities to the Big Bear Store and Kroger Company. On May 20, 1991, after the Government dismissed Counts 1, 2, 3, and 22, the defendant pleaded guilty to the remaining six counts of using a false social security number and twelve counts of uttering counterfeit securities, resulting in a loss totaling $4,162.92. There was no plea agreement.
 
 
 3
 A sentencing hearing was conducted on December 6, 1991. Prior thereto, the defendant and his attorney reviewed the presentence investigation report and filed selected objections to the report which were subsequently addressed by the probation officer. The remaining unresolved objections were discussed during the sentencing hearing.
 
 
 4
 First, the defendant objected to the probation officer's assignment of four criminal history points which resulted in a criminal history category of III. He argued that an uncounseled nolo contendere plea and resultant conviction for operating a motor vehicle under the influence of alcohol on January 26, 1984 violated state criminal procedural requirements and was constitutionally infirm because the court could not infer a knowing and voluntary waiver of counsel from a silent record.
 
 
 5
 During the sentencing hearing, the government offered a copy of the defendant's signed waiver of counsel before Mayor's Court which recited that he fully understood that he had a right to be represented by counsel without cost and that he affirmatively and voluntarily waived his right to be represented by counsel. The document was initialed by the judge and signed by the defendant and the prosecuting attorney and referred to Ohio R.Crim.P. 44.[1] The probation officer who testified at the defendant's sentencing hearing attested that the tape recording of the 1984 Mayor's Court proceeding was unavailable because it had been destroyed. The sentencing court in the instant action concluded that the unavailability of the tape recording of the Mayor's Court proceeding did not signify that the record was silent because the written waiver signed by the defendant was an official court document which was a part of that record and proved that the defendant's waiver of his constitutional rights was knowing and voluntary. Accordingly, the court concluded that the defendant failed to sustain his burden of proof that the Mayor's Court conviction violated state procedural rules or was constitutionally infirm.
 
 
 6
 The defendant next objected to the district court's denial of a two-level reduction for acceptance of responsibility pursuant to application note one to the United States Sentencing Guidelines (U.S.S.G.) § 3E1.1 because the defendant was unwilling to discuss details of a related fraudulent check scheme and did not voluntarily terminate his criminal conduct, pay any restitution, surrender to authorities, or assist in recovering the fruits or instrumentalities of his offense.
 
 
 7
 The court subsequently ordered the defendant to pay restitution damages in the amount of $16,236.71. This value was the total loss incurred by the Big Bear Stores and Kroger Co. based on the total offense conduct. However, in the presentence report, the probation officer had calculated restitution based on the losses specified in the counts of conviction to aggregate only $4,162.92.
 
 
 8
 The judgment of the district court was filed on September 10, 1991. The defendant timely filed his notice of appeal on September 16, 1991.
 
 
 9
 In his first assignment of error, the defendant charged that the district court erred when it included the uncounseled January 1984 Mayor's Court conviction to calculate his criminal history score because the conviction was constitutionally invalid pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). He asserted that the burden was on the government to prove that he knowingly and voluntarily waived his rights to counsel. Accordingly, the defendant argued that since the Mayor's Court record was silent, the government failed to sustain its burden, and therefore, his plea of no contest was uncounseled, constitutionally infirm, and should not have been included in the calculation of his Criminal History score.
 
 
 10
 In the absence of an adequate record of proceedings, this Circuit requires the government to prove by clear and convincing evidence that a defendant had knowingly and voluntarily waived his right to counsel. Dunn v. Simmons, 877 F.2d 1275, 1277 (6th Cir.1989), cert. denied, 110 S.Ct. 1539 (1990). A review of the record in the instant action revealed that the tape recordings of the 1984 Mayor's Court proceedings were destroyed. However, the government presented a copy of the waiver of counsel form, signed by the defendant, the prosecutor and the judge, which stated that the defendant "affirmatively and voluntarily" waived his right to be represented by counsel. Lightharte v. Parke, 919 F.2d 738 (6th Cir.1990). Accordingly, the government's proffer of the waiver of counsel form established that the defendant had voluntarily and intelligently waived his right to counsel since the form specifically notified defendant of this right and waiver thereof. Therefore, this assignment of error is without merit.
 
 
 11
 The defendant's second assignment of error is equally without merit. He asserted that the district court erred when it declined to reduce his base offense level for acceptance of responsibility. A guilty plea does not entitle a defendant to a reduction based on acceptance of responsibility as a matter of right. United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991). Furthermore, application note one to U.S.S.G. § 3E1.1 provides as follows:
 
 
 12
 In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:
 
 
 13
 (a) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 14
 (b) voluntary payment of restitution prior to adjudication of guilt;
 
 
 15
 (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;
 
 
 16
 (d) voluntary surrender to authorities promptly after commission of the offense;
 
 
 17
 (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense....
 
 
 18
 A sentencing judge's decision to deny a reduction for acceptance of responsibility will be reversed only if it is clearly erroneous. Lassiter, 929 F.2d at 270.
 
 
 19
 In the instant action, the court determined that although the defendant admitted that he had committed the charged crime, he did not identify the other persons involved in a related fraudulent check scheme when requested to do so by the probation authorities. Further, the court noted that the defendant did not voluntarily terminate his participation in the criminal activity, nor did he voluntarily surrender to authorities, pay restitution or assist in the recovery of the counterfeit securities. Accordingly, the district court's determination that the defendant did not accept responsibility for his actions was not clearly erroneous.
 
 
 20
 Defendant's third assignment of error correctly charged that the district court erred when it ordered the defendant to pay restitution damages which exceeded the value of damages stated in the counts of the Superseding Indictment to which the defendant pleaded guilty. The government also has conceded that the district court erred in its calculation of restitution damages. Pursuant to U.S.S.G. § 5E1.1, restitution shall be ordered in accordance with 18 U.S.C. § 3663. The scope of restitution owed a victim of a crime was recently defined by the United States Supreme Court in Hughey v. United States, 495 U.S. 411, 110 S.Ct. 1979, 1982 (1990). The Court interpreted the "Victim and Witness Protection Act", 18 U.S.C. § 3579, which contains language identical to § 3663, and concluded that restitution damages included only the losses caused by the conduct underlying the offense of conviction and not for other related acts:
 
 
 21
 More significantly, § 3580(a)'s catchall phrase does not reflect a congressional intent in the restitution calculus losses beyond those caused by the offense of conviction.... The first such consideration is "the amount of loss sustained by any victim as a result of the offense." This language suggests persuasively that Congress intended restitution to be tied to the loss caused by the offense of conviction. Indeed, had Congress intended to permit a victim to recover for losses stemming from all conduct attributable to the defendant, including conduct unrelated to the offense of conviction, Congress would likely have chosen language other than "the offense," which refers without question to the offense of conviction.
 
 
 22
 Id. at 418, 110 S.Ct. at 1983-84.
 
 
 23
 In the instant action, the court incorrectly included losses incurred from related conduct, as well as the losses caused by conduct beyond the offenses of conviction. The correct value of restitution damages is the value of the losses incurred in the counts of the Superseding Indictment to which the defendant pleaded guilty, which totaled $4,162.92.
 
 
 24
 Accordingly, after a review of the record, and the briefs and arguments of counsel, the defendant's sentence is hereby AFFIRMED. However, this action is REMANDED to the district court to recalculate restitution damages in accordance with this opinion.
 
 
 
 [1]
 Rule 44 of the Ohio Rules of Criminal Procedure mandates that a defendant charged with a serious or petty offense is entitled to court-appointed counsel and, after being fully advised by the court, may knowingly, intelligently, and voluntarily waive this right to counsel