992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie TEMPLE, Defendant-Appellant.
 No. 92-5714.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before JONES and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Freddie Temple appeals his sentence imposed following a guilty plea. His sole contention on appeal is that the district court erred by not granting him a two-level downward adjustment under the federal sentencing guidelines for acceptance of responsibility. We affirm.
 
 
 2
 * On March 29, 1989, two undercover highway patrol officers asked Temple if he had any crack cocaine. Temple responded in the negative, but informed the officers that he could introduce them to someone who would be able to meet their needs. Temple got into a car with the officers and directed them to the home of Stan Lattimore.[1] With Temple making the introductions, Lattimore sold the officers approximately four grams of crack cocaine.
 
 
 3
 For his role in the offense, Temple was indicted by a federal grand jury in the Western District of Tennessee on June 6, 1991. He was charged with knowing and intentional distribution of cocaine base (and aiding and abetting such distribution), in violation of 21 U.S.C. § 841(a)(1) (1988). Temple was arraigned on September 24, 1991, and pled not guilty at that time. He later changed his plea to guilty on November 12, 1991, which was the date for which trial had been set. The Order on Change of Plea was entered on November 21, 1991.
 
 
 4
 A presentence report was prepared. The probation officer who prepared the report recommended that Temple be given a two-level reduction of his base offense level under the federal sentencing guidelines for acceptance of responsibility, writing:
 
 
 5
 The defendant admits taking undercover officers to Lattimore's house for the purpose of purchasing crack cocaine. He added that the undercover officers promised him one rock and $20. He further reports that he did not share in any of the proceeds that Lattimore received as a result of the drug sales.
 
 
 6
 J.A. at 10A. At Temple's sentencing hearing on April 16, 1992, the district court considered and rejected the acceptance of responsibility reduction. It stated:
 
 
 7
 Now, what voluntary act is included in [the statement of the probation officer quoted above]? Big deal he admits that he took the undercover officers. All he has to do is ask the undercover officer to come in, and he could say that's the man. He didn't do that voluntarily. If he hadn't been caught he never would have admitted it.
 
 
 8
 He added that the undercover officers promised him one rock and $20. Now, how on earth is that accepting any responsibility for the crime?
 
 
 9
 MR. BROOKS [counsel for Temple]: Well, Your Honor, that was the part for the acceptance of responsibility of the crime.
 
 
 10
 THE COURT: Have you read what is required for acceptance of responsibility? It takes a voluntary act, something like helping them try to--usually the probation says he admitted his guilt to the probation officer.
 
 
 11
 He further reports he didn't share in any of the proceeds. Now, what on earth has that got to do with it?
 
 
 12
 MR. BROOKS: I think he was just relating to the probation officer what had happened.
 
 
 13
 THE COURT: I don't find any adjustment for acceptance of responsibility.
 
 
 14
 Id. at 23A-24A.
 
 
 15
 Temple was sentenced to thirty-seven months of imprisonment, to be followed by three years of supervised release. Temple appeals the denial of the acceptance of responsibility reduction.
 
 II
 
 16
 Under Section 3E1.1(a) of the United States Sentencing Commission's Guidelines Manual (Nov. 1991) [hereinafter U.S.S.G.], a defendant may be granted a two-level reduction of her/his base offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The burden rests with the defendant to show, by a preponderance of the evidence, that s/he has accepted responsibility for purposes of the federal sentencing guidelines. See United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991); United States v. Smith, 918 F.2d 664, 669 (6th Cir.1990), cert. denied, 111 S.Ct. 1088 (1991). On review, we must take heed of the fact that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5); see United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). Insofar as the determination of whether a defendant has accepted responsibility is a question of fact, it enjoys the protection of the clearly erroneous standard of review, and will not be overturned unless it is without foundation. See id.; United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991); United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). The application of the federal sentencing guidelines to an undisputed set of facts, however, is reviewed de novo. See, e.g., United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992); United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991); United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 III
 
 17
 Temple argues that the district court erred by not granting him a two-level reduction of his base offense level for acceptance of responsibility. Temple seems to contend that the district court made an erroneous legal conclusion that the acceptance of responsibility reduction encompasses a "requirement of a voluntary act per se." Temple's Br. at 6. His argument on appeal may also be construed as one taking issue with the district court's finding of fact relating to acceptance of responsibility. Given the nature of his crime, Temple asserts, there was little or nothing he could do to "accept responsibility":
 
 
 18
 The defendant could not terminate or withdraw from criminal conduct or association because the conduct and association were a single incident and not an ongoing series of events which could be withdrawn from. No restitution could be made because nothing of value was taken or destroyed. He could not assist in the recovery of fruits or instrumentalities of the crime because there were none. He could not resign from office.
 
 
 19
 Temple's Br. at 7. Temple notes that the only way he could demonstrate acceptance of responsibility was to plead guilty--and he did.
 
 
 20
 The acceptance of responsibility reduction is available to those defendants who "clearly demonstrate [ ] a recognition and affirmative acceptance of personal responsibility for [their] criminal conduct." U.S.S.G. § 3E1.1(a) (emphasis added). Clear demonstration requires some action. That the district court required this action to be voluntary is commonsensical, not legally erroneous.
 
 
 21
 That leaves the issue of whether the factual determination made by the district court that Temple had not sufficiently demonstrated acceptance of responsibility for purposes of the federal sentencing guidelines is clearly erroneous. The probation officer seemed to list three reasons why an acceptance of responsibility reduction was appropriate: (1) Temple "admits taking undercover officers to Lattimore's house for the purpose of purchasing crack cocaine"; (2) Temple "added that the undercover officers promised him one rock and $20"; and (3) Temple "further reports that he did not share in any of the proceeds that Lattimore received as a result of the drug sales." J.A. at 10A. The district court dismissed these purported reasons out of hand. Regarding Temple's comment that the undercover officers promised him one rock and $20, the district court properly questioned its relevance to the issue of acceptance of responsibility. Similarly, the bald fact that Temple did not share in any of the proceeds that Lattimore received as a result of drug sales says little or nothing of Temple's acceptance of responsibility.
 
 
 22
 Temple's admission that he took undercover officers to Lattimore's house for the purpose of purchasing crack cocaine is relevant, but is not necessarily dispositive. Application Note One to U.S.S.G. § 3E1.1 lists appropriate factors to consider in evaluating a defendant's request for an acceptance of responsibility reduction. One factor listed is "voluntary and truthful admission to authorities of involvement in the offense and related conduct." U.S.S.G. § 3E1.1, comment. (n. 1(c)). Application Note Three adds:
 
 
 23
 Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.
 
 
 24
 U.S.S.G. § 3E1.1, comment. (n. 3).
 
 
 25
 In the instant case, the government seems to have presented little or no evidence of conduct that is inconsistent with Temple's acceptance of responsibility. But, as U.S.S.G. § 3E1.1(c) and case law make clear, Application Note Three does not set up a complicated system of presumptions and burden-shifting. Simply because a defendant pleads guilty and admits to related conduct does not create a presumption in favor of an acceptance of responsibility reduction which the government must then extinguish by coming forward with at least some evidence of conduct "inconsistent with such acceptance of responsibility." Section 3E1.1(c) reads: "A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." Several Sixth Circuit cases have emphasized this point. See Lassiter, 929 F.2d at 270; United States v. Tucker, 925 F.2d 990, 993 (6th Cir.1991); Christoph, 904 F.2d at 1040; Wilson, 878 F.2d at 923. Thus, a district court is not required to grant an acceptance of responsibility reduction based on a guilty plea alone if the defendant has not put forth enough evidence to convince the district court that s/he has "clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for [her/his] criminal conduct." U.S.S.G. § 3E1.1(a).
 
 
 26
 Temple refers to the timeliness of his conduct in manifesting acceptance of responsibility, suggesting that his guilty plea is evidence of such timeliness. It is true that the "timeliness of the defendant's conduct in manifesting the acceptance of responsibility" may be considered as a factor in determining whether a two-level reduction under U.S.S.G. § 3E1.1(a) is warranted. U.S.S.G. § 3E1.1, comment. (n. 1(g)). But Temple's timeliness argument is belied by the record. The Indictment against Temple was filed June 6, 1991. After initially pleading not guilty, he apparently did not voluntarily admit his guilt until he changed his plea to guilty over five months after the Indictment was filed--on the day his case was set for trial. From the record, it is apparent that the attorneys for both sides had prepared their cases for a one-and-a-half-day trial. We thus find Temple's timeliness argument unpersuasive.
 
 
 27
 In sum, in the instant case, there is precious little evidence that Temple clearly demonstrated acceptance of responsibility. That he was left few avenues to manifest such acceptance (though, as the discussion of the timeliness of Temple's admission of guilt suggests, he was not completely without an avenue) does not entitle him to a two-level downward adjustment of his base offense level. Given this, and the deference we are to give to the district court's findings of fact, we find no clear error here.
 
 
 28
 We consider our decision today well-supported by our holding in Wilson, 878 F.2d at 923-24. There, the district court had held "that the defendant did no more than plead guilty to the offense, whereas the Guideline requires recognition and affirmative acceptance of personal responsibility for the criminal conduct." Id. at 923. We wrote:
 
 
 29
 The essence of the district court's ruling is that appellant's actions--admitting that [a] firearm was his after its discovery, when he originally denied that a firearm was on the premises and pleading not guilty at arraignment and then pleading guilty at a subsequent hearing--were nothing more than a guilty plea, which does not entitle him to a sentencing reduction as a matter of right.
 
 
 30
 Given the facts relied on by the district court, we believe its determination of the acceptance of responsibility issue is not clearly erroneous or without foundation and, therefore, will not be disturbed.
 
 
 31
 Id. at 923-24.
 
 
 32
 AFFIRMED.
 
 
 
 [1]
 Sometimes spelled "Latimore" in the record