1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angela W. BABCOCK, Defendant-Appellant.
 No. 92-4125.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KEITH and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The government appeals from the district court's sentencing of defendant Angela Babcock, who pled guilty to one count of conspiracy to distribute cocaine and to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. The government directs several assignments of error at the downward departure granted by the district court to the defendant. Because the district court failed to articulate why a departure of six levels was necessary, we vacate and remand for resentencing.
 
 I.
 
 2
 This is the second time this case has come before a panel of this court. In the unpublished opinion of United States v. Babcock, No. 91-3991 (6th Cir. May 29, 1992), we vacated the sentence imposed by the district court and remanded for resentencing, directing that it "set out with particularity the basis for any departure from the guidelines." Id. The underlying facts of the case may be found in our earlier opinion.
 
 
 3
 The district court resentenced Angela Babcock in September 1992, and, as it did in the first sentencing, imposed a term of probation only. Babcock's guideline offense level of 14 and criminal history category of I would normally have resulted in a sentencing range of 15 to 21 months. Under the November 1992 guidelines, the highest offense level at which probation may be imposed, when the criminal history category is I, is level 8. One may therefore discern that the district court granted Babcock a departure downward of at least 6 levels. In its opinion explaining its rationale for the departure, the district court focussed largely on the defendant's history of substance abuse and her "commendable effort to rid herself of her addiction," as well as an unfortunate family history in which the defendant's father's "grossly abuse[d] his inherent authority over his child by encouraging her drug addiction and introducing her to criminal activity."
 
 II.
 
 4
 This court uses a three-step procedure in determining whether the district court appropriately departed from the guidelines. It (1) exercises plenary review to determine whether the circumstances are sufficiently "unusual" to warrant departure; (2) reviews for clear error to determine whether the circumstances actually exist in a particular case; and (3) evaluates the case to determine whether the district court's degree of departure was reasonable. United States v. Brewer, 899 F.2d 503, 506 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990).
 
 III.
 
 5
 The government contends that the reasons advanced by the district court in support of its downward departure did not have substantial factual support in the record, and further, that the court relied on factors that the guidelines either adequately take into consideration or specifically reject as bases for departure. The government finally argues that even if there is a basis in the record for departure, the sentencing court failed to present any reasoning that would justify a six-level departure.
 
 
 6
 It is on this last argument that we base our decision. We assume, without deciding the question, that the district court has correctly identified, as a matter of both law and fact, unusual circumstances that merit a departure from the guidelines range. But even when this is the case, this court must still look to the question whether the actual departure the district court imposed was reasonable. In United States v. Lassiter, 929 F.2d 267 (6th Cir.1991), when considering an upward departure that had been imposed by the district court, this court held that "[a] sentencing court must examine the next higher criminal history category when departing from the guidelines, and if departing beyond this next level, the sentencing court must demonstrate that it found the sentence imposed by the next higher level too lenient." Id. at 270. The Lassiter court further cautioned that the reviewing court will "examine a court's stated reasons for departure beyond the next higher level 'more closely.' " Id. (citation omitted).
 
 
 7
 Here, the district court felt the need to depart six levels, yet failed to articulate a single reason why a departure of this magnitude was required in order to adequately address the unusual circumstances of Babcock's case. Finding that the reasoning of Lassiter applies equally well in the context of downward departures as it does in the context of upward departures, we must vacate the sentence and remand for resentencing. On remand, the district court should reevaluate the amount of the departure and, at a minimum, explain precisely which bases have occasioned what level reductions.
 
 IV.
 
 8
 VACATED and REMANDED.
 
 WELLFORD, Circuit Judge, concurring:
 
 9
 I concur in vacating and remanding (for the second time) the sentence in this case. I write as a judge reviewing this case again (see No. 91-3991, May 29, 1992 opinion), and I would note these additional reasons for the action we now take:
 
 
 10
 1) The downward departure insufficiently explained or justified, was a six-level departure, from a guideline offense level of fourteen.[1]
 
 
 11
 2) The degree of departure effectively, in my view, was unreasonable. (This is not to say that some downward departure was not appropriate.)
 
 
 12
 3) Babcock's rehabilitation efforts took place after sentence was imposed, not after her arrest, as in United States v. Maddalena, 893 F.2d 815 (6th Cir.1989), cert. denied, 112 S.Ct. 233 (1991). See United States v. Harrington, 947 F.2d 956 (D.C.Cir.1991) (post-offense rehabilitation is not a circumstance the guidelines overlooked).
 
 
 13
 4) Babcock, in my view, clearly does not meet the exacting demands of a "significantly reduced mental capacity" situation under U.S.S.G. Sec. 5K2.13. Nothing in the record indicates that Babcock's father forced drugs upon her.
 
 
 14
 For these additional reasons, I would VACATE and REMAND.
 
 
 
 [1]
 The departure under amended guidelines applicable at resentencing, which came into being after the original sentence, was six levels, but the departure at the time of the first sentence was eight levels. See United States v. Kopp, 951 F.2d 521, 531 n. 16 (3d Cir.1991)