9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald COLEMAN, Defendant-Appellant.
 No. 92-5998.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1993.
 
 Before MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Reginald Coleman, a federal prisoner, appeals his conviction and sentence for conspiracy to unlawfully possess, forge, and pass U.S. Treasury checks which had been stolen from the mail in violation of 18 U.S.C. Secs. 371 and 510(a)(2). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Coleman and three codefendants were indicted in October 1991 on one count of conspiracy to unlawfully possess, forge, and pass stolen U.S. Treasury checks; three counts of possessing stolen checks; three counts of forging endorsements; and two counts of passing forged checks. On January 10, 1992, Coleman pleaded guilty to the conspiracy charge in return for the dismissal of the remaining counts. The district court sentenced him on June 4, 1992, to 24 months of imprisonment and two years of supervised release. This sentence was based upon a total offense level of 9 and a criminal history category of V, resulting in a sentencing range of 18 to 24 months. In addition, the district court ordered Coleman to pay $584.67 restitution.
 
 
 3
 Coleman's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his brief, counsel raises only the issue of whether the sentencing guidelines were correctly applied.
 
 
 4
 Upon review, we grant counsel's motion to withdraw because Coleman's appeal is meritless. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable errors in Coleman's proceedings. After counsel submitted his brief, this court decided the case of United States v. Morrison, 983 F.2d 730, 735 (6th Cir.1993). The parties were directed to respond to the issue raised therein. Upon consideration, we affirm the district court's judgment.
 
 
 5
 The record establishes that, under the totality of the circumstances, Coleman's plea was entered voluntarily, knowingly and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 6
 At sentencing, Coleman joined his codefendant's objection to the denial of a two-level reduction in offense level for acceptance of responsibility. The district court denied the reduction in light of Coleman's continuation of criminal activity while out on bond awaiting sentencing. See United States v. Snyder, 913 F.2d 300, 305 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991).
 
 
 7
 A guilty plea does not automatically entitle a defendant to a reduction based on acceptance of responsibility. United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991). Whether or not a defendant has accepted responsibility for his crime is a factual question, subject to the clearly erroneous standard of review. Id.; Snyder, 913 F.2d at 305. Because of the unique position of the sentencing judge to evaluate a defendant's acceptance of responsibility, his determination is entitled to great deference on review and "should not be disturbed unless it is without foundation." Id. (quoting United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989)).
 
 
 8
 While awaiting sentencing for the offense charged in this case, Coleman was arrested on state charges of possessing crack cocaine. Although it is arguable that this conduct should not be considered by the district court because it is not obviously related to the offense of conviction, see Morrison, 983 F.2d at 735, we do not find that the district court's determination on this issue is clearly erroneous. The commentary to Sec. 3E1.1 allows the court to consider voluntary termination or withdrawal from criminal conduct or associations in determining whether a defendant has accepted responsibility. U.S.S.G. Sec. 3E1.1, comment. (n. 1(b)). Moreover, the district court could readily find that Coleman's drug use was a motivating force behind his check-forging activity. See Morrison, 983 F.2d at 735.
 
 
 9
 Accordingly, we grant the motion to withdraw. The district court's judgment, entered on June 16, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.