14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Allen WRIGHT, Defendant-Appellant.
 No. 93-3291.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant pleaded guilty to armed bank robbery. The sentencing judge departed upward from the sentencing guidelines, and defendant appeals. The two issues raised on appeal are whether the district court erred by not providing advance notice of its intent to depart, and whether the departure itself was erroneous. We conclude that the sentence must be vacated because of the failure to give notice, and we remand for resentencing.
 
 I.
 
 2
 On June 22, 1992, Wright and another person robbed the Fifth Third Bank of Maumee, Ohio. Wright carried a gun during the robbery. Shortly after the robbery, state and federal agents located and apprehended the people involved in the robbery, including Wright. Wright pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. Sec. 2113, and the district court deferred sentencing pending the preparation of a presentence report (PSR).
 
 
 3
 The PSR calculated defendant's offense level at 29 and his Criminal History Category as IV. This calculation results in an applicable sentencing range of 100 to 125 months imprisonment. Although the PSR found no grounds to depart from the guidelines, it did contain a section entitled "Mental and Emotional Health." On the basis of some of the information contained in this section, the district court referred defendant to the Court Diagnostic and Treatment Center for a psychological evaluation. This evaluation concluded that defendant was a psychopath who posed a high risk for future acts of violence and aggression. According to the report, psychopaths are not usually good candidates for treatment. Based largely on this report, the district court departed upwards from the guidelines and sentenced defendant to 300 months confinement, the statutory maximum for defendant's crime.
 
 II.
 
 4
 Plaintiff argues that because the district court failed to provide notice of its intent to depart upward from the applicable guidelines range, this court must vacate the sentence and remand for resentencing. The government concedes the necessity of this action. The United States Supreme Court has decisively spoken on this issue:
 
 
 5
 We hold that before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 [Fed.R.Crim.P.] requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify the ground on which the district court is contemplating an upward departure.
 
 
 6
 Burns v. United States, 111 S.Ct. 2182, 2187 (1991) (footnote omitted).
 
 
 7
 Both parties agree that the PSR did not identify any grounds for departure and that the district court did not provide notice of its intent to depart. Accordingly, we vacate defendant's sentence and remand for resentencing.
 
 
 8
 Upon remand, the court should provide the parties with reasonable notice of its intent to depart upward, and the notice should also specifically identify the ground or grounds upon which the court is contemplating such a departure. We also invite the district court's attention to this court's decision in United States v. Lassiter, 929 F.2d 267 (6th Cir.1991). In Lassiter, we held that when a sentencing court departs upward from the guidelines, it
 
 
 9
 must examine the next higher criminal history category ... and if departing beyond this next level, the sentencing court must demonstrate that it found the sentence imposed by the next higher level too lenient.
 
 
 10
 Id. at 270.
 
 III.
 
 11
 For the reasons stated above, we VACATE defendant's sentence and REMAND for resentencing.