25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Jo BORDAYO, Defendant-Appellant.
 No. 93-1654.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: GUY and NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Henry Jo Bordayo, entered a Fed.R.Crim.P. 11 guilty plea to conspiracy to import marijuana and money laundering. The only issue raised on appeal is a claim of error arising from the district court's refusal to grant a reduction for acceptance of responsibility.
 
 
 2
 Our review of the record convinces us that no error occurred, and we affirm.
 
 I.
 
 3
 After defendant made his initial appearance before the court, he was released on bond. While on bond, the defendant committed five additional offenses: two drunk driving traffic misdemeanors and three assaults. All of these offenses were alcohol related. The probation officer recommended that no reduction be made for acceptance of responsibility.
 
 
 4
 In arguing for the reduction at sentencing, the defendant pointed out that he voluntarily had entered a guilty plea and that he has withdrawn from all activities involving marijuana. Specifically, defense counsel argued:
 
 
 5
 This is a different kind of thing. And I guess we are getting, I, the situation of how much of these kind of alcohol-related offenses where people are trying, improperly trying to cope with their problems, how that gets into criminal conduct, which it is, and but then we get into the mens rea and the actus rea type of attitude.
 
 
 6
 I think the idea behind acceptance of responsibility is, okay, I know that I am caught, I know I have done wrong, and I am going to quit, I am going to get out of what it was that I was doing.
 
 
 7
 Now if what I have been doing in the past is selling drugs, and I back off from that, and I totally get out of that, that has been my way of making a living and I am now going to start over and start breaking into people's houses or businesses, I would say, yes, that is not a voluntary termination or withdrawal from criminal conduct or associations.
 
 
 8
 But I think that you need to make a distinction between that kind of activity and somebody who sits back and now is under a lot of stress and doesn't adjust to the stress in an appropriate manner.
 
 
 9
 (App. 134-35.)
 
 
 10
 In response to this argument, the district judge stated:
 
 
 11
 The Court has observed from the presentence report and from the sentencing memorandum of the government that not only does Mr. Bordayo have a very, very disturbing history of criminal behavior, which includes despicable abuse of his common law spouse, Nadine Gomez, while he has been out on bond he has repeatedly broken the law. He has been convicted of one assault as I see it, charged with two other assaults, one a felonious assault where he attempted to run over people, and he has been charged with several misdemeanor traffic offenses including two drinking and driving offenses.
 
 
 12
 The defendant's counsel argues that all of these offenses involve alcohol use and abuse, and I am sure that he is correct, and for that reason that to hold these offense against him would be tantamount to punishing him for his addiction of alcohol. I would do no such thing because my conviction is that alcoholism is in fact a disease, and I recognize it; but it is not an excuse for such conduct which flows from it.... At some point, Mr. Bordayo has to take responsibility for his behavior even if that means taking responsibility for stopping drinking. Period. And there is all sorts of help available in this society for him.
 
 
 13
 ....
 
 
 14
 His conduct on bail demonstrates that I made a mistake in letting him be on bail. It indicates to me that he has not accepted responsibility for the crime that he is being sentenced for today. For if he had, he would have voluntarily terminated or withdrawn from the criminal conduct or associations as Note 1 requires this Court or any court to consider.
 
 
 15
 (App. 136-38.)
 
 
 16
 This sentencing hearing took place on November 3, 1992. Our jurisprudence at that point in time clearly supported the decision made by the district judge. See United States v. Lassiter, 929 F.2d 267 (6th Cir.1991) (defendant committed a separate state drug offense while on bond); United States v. Snyder, 913 F.2d 300 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991) (defendant conspired to acquire additional cocaine while incarcerated pending sentence); United States v. Barrett, 890 F.2d 855 (6th Cir.1989) (after plea but before sentence defendant threatened witnesses). Our case law afforded considerable discretion to the trial judge in assessing acceptance of responsibility and also approved of consideration of conduct by the defendant that occurred after his plea but before sentencing.
 
 
 17
 This matter is complicated, however, by the fact that after sentencing in this case we issued our opinion in United States v. Morrison, 983 F.2d 730 (6th Cir.1993). In Morrison, over a dissent by Judge Kennedy, we held "that acceptance of responsibility, as contemplated by the United States Sentencing Commission, is 'acceptance of responsibility for his offense,' not for 'illegal conduct' generally. Considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue." Id. at 735 (citation and footnote omitted) (quoting U.S.S.G. Sec. 3E1.1(a) (Nov.1992))
 
 
 18
 Morrison was not decided in a vacuum, however. Since we already had addressed this issue in several earlier cases that were binding on the Morrison panel, it was necessary to carve out an exception from the earlier case law. We view the holding in Morrison as a narrow one and interpret it accordingly. Morrison involved criminal conduct on the part of the defendant after plea but before sentencing,[1] which the majority in Morrison viewed as "wholly distinct from the crime(s) for which [the] defendant [was] being sentenced[.]" Id. 983 F.2d at 733. As did the district judge here, we view the defendant's post-plea conduct as related to rather than "wholly distinct from" the offense of conviction.
 
 
 19
 The defendant argued that he cannot control his conduct when he drinks. Yet, he took no steps to get help with his drinking problem. If a defendant does not at least work at removing one of the root causes of his criminal behavior, a trial judge is within his or her discretion in denying an acceptance of responsibility reduction. The Morrison court itself acknowledged this principle. It did not feel its holding was in any way inconsistent or in contravention of the holding in United States v. Scroggins, 880 F.2d 1204 (11th Cir.1989), cert. denied, 494 U.S. 1083 (1990), where the court refused to grant a reduction for acceptance of responsibility to a defendant whose non-drug crimes were caused by his use of cocaine and he continued to use cocaine after his plea but before his sentence.[2] We think the facts here parallel those in Scroggins and that Scroggins provides additional support for the decision of the district judge.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Morrison entered a guilty plea to being a felon in possession of a firearm. The subsequent conduct related to the attempted theft of a pick-up truck
 
 
 [2]
 The parallel between this case and Scroggins is supported by the following from the presentence report:
 
 
 [97]
 When this officer first met with Henry Bordayo at the Kalamazoo County Jail, she requested that he write out a statement concerning the good and bad effects alcohol has had on his life. Mr. Bordayo followed this officer's instructions and presented her with the following handwritten statement during her next visit with him:
 "Alcohol has never done anything good for me. Alcohol has made me loose jobs. It has put me in jail. Allso has caused me trouble with my family. Alcohol has made me vilant. Its made me beet up my girlfriend. Alcohol has made me wreck my vehicles, other peoples vehicles. Alcohol has made me forgetful real forgetful. Alcohol has caused me embarrasment of all kinds. Alcohol is now making me loose the one I love most. If it wasn't for alcohol I wouldn't be here. Alcohol has allso hurt my kids."